IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
ALYSSA PATTERSON and         )
GLENDA RYLAND,               )
                             )
    Plaintiffs,              )
                             )     CIVIL ACTION NO.
    v.                       )       2:22cv554-MHT
                             )           (WO)
FLASH MARKET, LLC, and       )
PFMFC, INC.,                 )
                             )
    Defendants.              )
```

OPINION

This cause is before the court on a joint motion to approve an agreement settling plaintiffs Alyssa Patterson and Glenda Ryland's claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, against defendants Flash Market, LLC, and PFMFC, Inc. Jurisdiction is proper pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (federal question). Based on the representations of both parties on the record on July 31, 2023, and for the following reasons, the motion to approve the settlement agreement will be

granted.

In their brief in support of their joint motion, the parties describe the instant litigation and the events leading up to it as follows: "Plaintiffs are former opt-ins to a Fair Labor Standards Act collective action filed against Defendants in January of 2020 in the Eastern District of Arkansas, *Dunlap, et al., v. Flash Market, LLC, et al.*, Case No. 4:20-cv-5-BSM ("*Dunlap*"). In *Dunlap*, the named plaintiffs originally claimed that they frequently performed work for Defendants, which went unrecorded and uncompensated, leading to violations of the minimum wage and overtime requirements of the FLSA. *Dunlap* was conditionally certified as a collective action and more than 600 people filed consents to join the litigation. After the claims in *Dunlap* had been pending for over two years, the Eastern District of Arkansas decertified the collective action and dismissed the claims of one of two of the named plaintiffs. ... This case is one of a group of five cases originally filed in four different

2

courts following the *Dunlap* decertification (collectively, the "Flash Market Litigation"). In total, there are 175 plaintiffs in the Flash Market Litigation. ... On April 4, 2023, the parties mediated the Flash Market Litigation before an experienced mediator. As a result of mediation, Defendants and counsel for plaintiffs agreed to the terms of a global settlement, which covers each plaintiff in this case as well as all other plaintiffs in the Flash Market Litigation. The terms of the global settlement have been reduced to individual settlement agreements[.]" Parties' brief (Doc. 47) at 1-2 (cleaned up).

The parties in the instant case now seek this Alabama federal court's approval of their agreement as it applies to them in this case.

"Because the FLSA was enacted to protect workers from the poor wages and long hours that can result from great inequalities in bargaining power between employers and employees, the FLSA's provisions are mandatory and, except in two narrow circumstances, are

generally not subject to bargaining, waiver, or modification by contract or settlement." *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1262 (M.D. Ala. 2003) (Thompson, J.) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). The first exception requires supervision by the Secretary of Labor under 29 U.S.C. § 216(c); the second exception allows for settlement of claims for back wages under 29 U.S.C. § 216(b), if a court "scrutiniz[es] the settlement for fairness," and determines that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] ... the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In this case, there are bona fide disputes over the

4

existence and nature of hours alleged by plaintiffs to have gone uncompensated. Under the terms of the parties' settlement, plaintiffs are receiving an amount which compensates them for alleged unpaid overtime premium on either the amount they estimated to have worked off-the-clock while with defendants or an average of 7.3 hours of unrecorded time per week.

In total, plaintiff Alyssa Patterson will receive the gross amount of $ 159.64 and plaintiff Glenda Ryland will receive the amount of $ 2,246.87. The settlement also includes a separate payment to plaintiffs' counsel for accrued attorneys' fees and costs. As described by counsel, the parties reached an agreement for attorneys' fees and costs globally for all related cases. The fee amount was negotiated separately and only after a settlement as to plaintiffs' damages was reached. For tax purposes, the amounts allocated as attributable to plaintiffs' claims total $ 912.79.

Finally, the settlement documents provide for

5

dismissal of this case with prejudice.

After hearing from counsel for the parties and reviewing the settlement documents provided, the court concludes that the allocated damages payments to plaintiffs and the payment to plaintiffs' counsel are fair and reasonable.  The court also finds the attorneys' fees to be reasonable.  This case is due to be dismissed with prejudice.

A judgment consistent with this opinion will be entered.

DONE, this the 4th day of August, 2023.

                                         /s/ Myron H. Thompson
                                   UNITED STATES DISTRICT JUDGE